GEORGE W. HORNE *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.  January 15, 16, 1894. — March 28, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Personal Injuries — Due Care — Crossing Track in Front of approaching Train.*

The plaintiff, a yard-master in the freight-yard of the defendant, and familiar with the yard, and with the speed and direction of trains accustomed to pass through it, for the purpose of giving orders to some workmen, attempted to cross the railroad tracks about six hundred feet in front of a rapidly approaching train which he saw, and in so doing caught his foot under some unboxed wires near the rails and a few inches above the surface of the ground which were a part of the mechanism of an interlocking signal system then in process of construction, and fell so close to the train that he received a shock by its passing him as well as was injured by the fall.  The plaintiff was aware of the position of

the wires, which to his knowledge had been for nearly two weeks in the same position and condition, and the orders which he was about to give did not call for such haste that he could not have waited for the train to pass before crossing the tracks. *Held*, that the plaintiff voluntarily and needlessly incurred an obvious risk, and that he was not in the exercise of due care.

TORT, for personal injuries occasioned to the plaintiff on January 13, 1891, from a fall occasioned by catching his foot under unboxed wires strung at the side of the railroad tracks of the defendant.

Trial in the Superior Court, before *Sherman*, J., who, at the close of the evidence for the plaintiff, ruled that the action could not be maintained, and ordered a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*G. R. Swasey & A. P. Worthen*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

BARKER, J. The plaintiff, having voluntarily and needlessly taken a great and obvious risk, of all the elements of which he was fully aware, when, there being no occasion for haste, he could consistently with his duty have eliminated the chief element of danger by waiting a moment, now contends that he was in the exercise of due care. He was employed in a freight-yard, discharging the duties of yard-master. He was perfectly familiar with the yard, and with the trains which were expected to pass through it, and he knew their speed and in what direction and upon what tracks they would pass. His duties required him to walk about in the yard and to cross the tracks, keeping himself out of the way of passing trains. The chief danger to which he was exposed in this employment was that of being hit by moving trains or cars, and in crossing the tracks he was liable to be tripped by unboxed wires near the rails and a few inches above the surface of the ground. It is of these wires that he especially complains, and the evidence tends to show that, when attempting to cross a track in front of a rapidly approaching train, he caught his foot under the wires and fell so near the train that he was shocked by its passing near him, as well as injured by his fall. The wires were part of the mechanism of an interlocking signal system then in process of erection and unfinished, and they had been to his knowledge in the same

position and condition for nearly two weeks. He was perfectly aware of the presence of the wires and of their position, and whatever danger they added to his work was not only obvious but familiar to him, as he testified that he had been over them all the time they had been there. In the yard were three tracks used for through traffic. On the morning when he fell he had occasion to cross these tracks, to give orders to some workmen, and he attempted to cross in front of an express train which he saw coming rapidly, not more than six hundred feet away. The orders he was about to give did not call for such haste that he could not take his own time to cross the tracks, and it was his duty to keep out of the way of the train. If he attempted to cross in front of it, he must do so quickly, or the train would strike him. Under such circumstances, due care required him to wait for the train to pass, and to attempt to cross in front of it was negligence, which plainly contributed to his injury, and which bars his action.        *Exceptions overruled.*